■ MARTHA JULIANI, Appellant, v JOHN JULIANI, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated January 23, 1987, which denied her motion for summary judgment on her cause of action for a conversion divorce and to dismiss the defendant's counterclaim for rescission of the separation agreement.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on her cause of action for a conversion divorce and to dismiss the defendant's counterclaim is granted, and the case is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On August 2, 1984, after nearly 30 years of marriage, the plaintiff and defendant entered into a separation agreement drafted by the plaintiff's attorney. The defendant, who was a business executive, declined to be represented by counsel. The agreement provided as follows:

"4. Each of the parties hereto has been fully advised as to the property, estate and prospects of the other. The Wife has been represented by Abraham Werfel, Esq., legal counsel of her choice, and the Husband has had the opportunity to obtain other counsel of his choice, and has determined that it is in his best interest not to engage other counsel * * *

"5. Both parties fully understand the terms and conditions

and provisions of this Agreement and believe them to be fair, just and adequate and reasonable as to each of them, and accordingly, both the Husband and Wife, after mature consideration, freely and voluntarily accept such terms, conditions and provisions".

The agreement granted to the plaintiff a life estate in the marital home, a two-family house from which she will collect the rents and pay the mortgage and related expenses. The defendant further agreed to pay the plaintiff maintenance in the sum of $100 per week. Upon sale of the house or death of the plaintiff, the proceeds would be evenly divided between the parties and/or their heirs.

In November 1985 the plaintiff commenced this action seeking a conversion divorce pursuant to Domestic Relations Law § 170 (6). The defendant interposed an answer asserting a counterclaim for rescission of the separation agreement based upon his not being represented by counsel and allegations of overreaching, unfairness and unconscionability.

The plaintiff then moved, *inter alia,* for summary judgment granting her a divorce on the ground that the parties had lived apart pursuant to a written separation agreement for more than one year, and the plaintiff had substantially performed all the terms and conditions of the agreement (Domestic Relations Law § 170 [6]). The plaintiff also moved for dismissal of the defendant's counterclaim and for an immediate trial on the issue of outstanding arrears allegedly owed her by the defendant pursuant to the agreement. In opposition, the defendant contended that there were substantial triable issues regarding the execution and validity of the separation agreement that required resolution at trial. The Supreme Court denied the plaintiff's motion on the ground that "there are substantial questions of fact with regard to the agreement which should be resolved * * * at the time of trial". We disagree.

In her papers, the plaintiff has made a prima facie showing of entitlement to a judgment of divorce as a matter of law *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851). The plaintiff has established that the parties "have lived separate and apart pursuant to a written agreement of separation * * * for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that * * * she has substantially performed all the terms and conditions of such agreement" (Domestic Relations Law § 170 [6]). The defendant does not deny that the plaintiff has performed all the terms of their separation agreement.

His opposition centers on his contentions that there are triable issues concerning the execution and validity of the agreement.

In opposing summary judgment, once the plaintiff has made the requisite showing, the defendant must lay bare his proof and, avoiding conclusory allegations, must set forth evidentiary proof sufficient to establish the existence of material triable issues of fact which require a trial of the action *(Zuckerman v City of New York,* 49 NY2d 557, 562). The defendant's allegations of lack of capacity, fraud, unfairness and overreaching are insufficient to defeat the plaintiff's motion for summary judgment *(see, Stoerchle v Stoerchle,* 101 AD2d 831; *Chasin v Chasin,* 98 AD2d 788; *Russell v Russell,* 90 AD2d 516, *lv denied* 58 NY2d 605).

While the defendant was not represented by counsel, which is a significant factor to be taken into consideration when determining whether a separation agreement was freely and fairly entered into, that fact, without more, does not establish overreaching or require an automatic nullification of the agreement *(see, Levine v Levine,* 56 NY2d 42, 48; *Goodison v Goodison,* 48 NY2d 786, *affg* 66 AD2d 923; *Surlak v Surlak,* 95 AD2d 371; *Freimour v Freimour,* 78 AD2d 896). Here, the defendant was an experienced businessman who knowingly and intentionally declined to retain counsel. The separation agreement is a relatively simple one in that there are no unemancipated children, and there was only one substantial marital asset, the residence, which was disposed of in an apparently fair manner *(see, e.g., Herrington v Herrington,* 81 AD2d 679, *lv denied* 54 NY2d 601, 626, *affd* 56 NY2d 580).

Further, the defendant has failed to raise any material issue as to his capacity to enter into the separation agreement. While the defendant alleged that he was under the care of a psychiatrist for depression at the time he signed the agreement, he has submitted no affidavit from this physician and he has set forth no facts which would in any way indicate lack of capacity to enter into a contract.

Also, a review of the defendant's assertion that he was "misled" as to the life estate to his wife in the marital home reveals that, at best, his allegations amount to little more than a contention that he executed the separation agreement without reading it. However, one who signs a written agreement is conclusively bound by the terms unless there is a showing of fraud, duress or some other wrongful act *(Pimpinello v Swift & Co.,* 253 NY 159, 162-163; *Columbus Trust Co.*

*v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Here, the defendant presented only unsupported and general allegations of being "misled" as to the disposition of the house which do not raise any issue of fact sufficient to withstand a motion for summary judgment *(see, Stoerchle v Stoerchle, supra; Davidoff v Davidoff,* 93 AD2d 805; *Gervasio v Di Napoli,* 134 AD3d 235).

Finally, after perusal of the agreement as well as the surrounding circumstances as set forth in the record, we find, as a matter of law, that the terms of the agreement are fair, there has been no overreaching, and the agreement was validly executed by the defendant *(see, Christian v Christian,* 42 NY2d 63; *Tuck v Tuck,* 129 AD2d 792).

Accordingly, the plaintiff is granted a conversion divorce, the counterclaim for rescission is dismissed, and the case is remitted to the Supreme Court, Kings County, to conclude all other matters in this lawsuit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.