■ In the Matter of LEONARD HOLLAND et al., as Executors of SAUL SATULSKY, Deceased, Appellants. VERA SATULSKY, Respondent.—Order, Surrogate's Court, New York County (Marie M. Lambert, S.), entered October 17, 1988, which granted the cross motion of claimant, Ms. Vera Satulsky (claimant), and directed petitioners, Mr. Leonard Holland and Mrs. Gay-Darlene Satulsky, as executors of the estate of Mr. Saul Satulsky (decedent), to produce for inspection and copying by claimant all documents, including business and financial records, in their possession relating to decedent dated on or after January 1, 1979 to January 3, 1987, is unanimously reversed, on the law and on the facts, petitioners' motion to dismiss the claim is granted, the discovery direction is vacated, and, claimant's cross motion is denied, without costs.

Mr. Saul Satulsky died on January 3, 1987. Thereafter, on February 6, 1987, his will was admitted to probate by the Surrogate's Court, New York County, and, letters testamen-

tary were issued to Mr. Leonard Holland and Mrs. Gay-Darlene Satulsky (executors), who are the coexecutors of the estate. While Mr. Holland, for approximately 30 years, had been decedent's attorney and close friend, Mrs. Gay-Darlene Satulsky was decedent's widow.

Pursuant to the provisions of his will, decedent's assets are to be divided, as follows: 75% to Mrs. Gay-Darlene Satulsky, as spouse; and 25% to the decedent's daughter, Ms. Julia Satulsky. The mother of decedent's daughter was his first wife, Ms. Vera Satulsky.

After approximately 30 years of marriage, in December 1982, Ms. Vera Satulsky divorced decedent in the Republic of Haiti, and the decedent submitted to that court's jurisdiction. Furthermore, the Haitian divorce decree incorporated, but did not merge, a separation agreement which the parties had executed in 1981. When Ms. Vera Satulsky signed that agreement, she was represented by her own counsel. Following the 1982 divorce, in 1984, decedent married Mrs. Gay-Darlene Satulsky.

On August 24, 1987, Ms. Vera Satulsky filed a claim against the estate. This claim alleges, in substance, that claimant is entitled to exercise a right of election as surviving spouse, upon the basis that the 1981 separation agreement and subsequent Haitian divorce are tainted with fraud. In addition, the claim alleges that claimant's access to decedent's records, which are allegedly in the possession of the executors, is necessary to assure a full accounting of the almost $1 million estate.

In October 1987, executors (petitioners), pursuant to SCPA 1809, petitioned the court to determine the validity and enforceability of the claim. Claimant responded, and alleged, in substance, that the decedent had fraudulently concealed the extent of his assets when she entered into the separation agreement, mentioned *supra.*

After the Surrogate had orally directed the parties to engage in discovery, in February 1988, the petitioners moved, pursuant to CPLR 3211 (a) (2) and (7), to dismiss the claim, upon the grounds of lack of subject matter jurisdiction and failure to state a cause of action. In response, the claimant opposed that motion and cross-moved for discovery. The Surrogate's Court, without either deciding petitioner's motion or holding it in abeyance, granted claimant's cross motion, and directed petitioners to make available to claimant certain of decedent's records for inspection and copying.

Our review of the record herein indicates the claimant instituted, by her own counsel, the Haitian divorce proceeding, and personally appeared therein. Based upon those facts, we find that claimant "is precluded from attacking the validity of the foreign country [Haitian] judgment in a collateral proceeding brought in the courts of this State" *(Greschler v Greschler,* 51 NY2d 368, 376 [1980]). Furthermore, we find "no basis for departing from the general rule governing New York's willingness to accord comity to foreign judgments" *(McFarland v McFarland,* 70 NY2d 916, 917 [1987]).

Although the record indicates that in the 1981 separation agreement, decedent represented his assets as far less than the present value of his estate, the petitioners present documentary evidence which supports the reasonable conclusion that this appreciation in assets took place during the years following his. divorce from claimant. Our examination of claimant's papers indicates her "conclusory allegations as to the [decedent's] misrepresentations concerning his financial status fail to meet the statutory requirement that a cause of action based upon fraud be pleaded 'in detail'. * * * Moreover, when confronted with [petitioners'] motion to dismiss, [claimant] failed to come forth with any facts or circumstances constituting the claimed fraud as required by law" *(Greschler v Greschler, supra,* at 375).

Significantly, the claimant, in 1981, in the separation agreement, specifically relinquished her right of election concerning the decedent's estate.

Since we have held the Haitian divorce decree is valid, claimant is disqualified from exercising a right of election as surviving spouse of the decedent (EPTL 5-1.2 [a] [1]).

Claimant is also barred from exercising a right of election, since our review of the record indicates that she did not file a notice of election within six months of the date of issuance of the letters testamentary (EPTL 5-1.1 [e] [1]). Furthermore, we find no persuasive evidence in the record which indicates that the Surrogate's Court extended claimant's time to file such notice of election by issuing an order in compliance with EPTL 5-1.1 (e) (2).

Based upon our analysis *supra,* we find the Surrogate erred.

Accordingly, we reverse, grant the petitioners' motion to dismiss the claim, vacate the discovery direction, and deny the claimant's cross motion.

We have considered the other points raised on appeal, and

find them to be without merit. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Wallach, JJ.