■ JAMES A. HERLEY, Appellant, v KIM HERLEY, Respondent.—Order unanimously reversed on the law without costs and plaintiff's motion granted. Memorandum: After extensive negotiation during which each party was represented by his own attorney, the parties entered into a separation agreement dated May 28, 1987, which was filed in the Monroe County Clerk's office on July 1, 1987. Defendant never moved to have the agreement set aside. Over a year later, plaintiff commenced an action for a conversion divorce, alleging that the parties had lived separate and apart for one year pursuant to the separation agreement, and that he had substantially complied with its terms. Only in response to plaintiff's action for divorce did defendant, for the first time, seek rescission of the agreement on the ground of fraud.

The court denied plaintiff's motion for summary judgment on his cause of action for a conversion divorce, as well as his motion to dismiss defendant's counterclaim seeking rescission of the agreement. This was error.

On this record, we conclude that full disclosure of his assets was made by plaintiff and the agreement when entered into was fair. Defendant has offered no proof to the contrary, other than insufficient conclusory allegations (see, Juliani v Juliani, 143 AD2d 72; Stoerchle v Stoerchle, 101 AD2d 831).

Plaintiff is entitled to summary judgment on his claim for a conversion divorce and defendant's counterclaim for rescission of the separation agreement should be dismissed.

We do conclude, however, that defendant's affidavit in response to the motion for summary judgment raises issues with regard to custody and child support, and that these issues require a plenary trial for resolution. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—dismiss counterclaim.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.