separately, was unobjected to and thus was not preserved for appellate review *(see, People v West,* 56 NY2d 662). In fact, it was utilized by defense counsel to challenge the officers' identification of defendant as one of the perpetrators. Similarly, defense counsel did not specifically object to the portion of the trial court's charge concerning flight, thus failing to preserve that issue for appellate review as a matter of law. (CPL 470.05.) In any event, the charge was warranted by the evidence and was proper. *(See, People v Baker,* 26 NY2d 169, 174.) The trial court's supplemental charges to the jurors on both occasions when they announced that they were deadlocked were proper. Both charges were neutral, directed to the jurors in general, noncoercive and did not direct the jury to consider any particular view of the facts. *(People v Pagan,* 45 NY2d 725, 727.) Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.

■ In the Matter of OSMOND J. TINGLIN, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—In this proceeding, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Stanley Sklar, J.), entered on or about June 6, 1988, to review a determination of the respondent Commissioner, dated November 3, 1987, which dismissed petitioner from the police force, the determination is unanimously confirmed and the petition dismissed, without costs and disbursements.

The hearing evidence amply supports the allegations contained in specifications 1, 2, 3, 6, 7, 8, 9, 10 and 11. Other than testimony that the sexually explicit statements were made in jest, petitioner made no showing which would substantially challenge the testimony received from the four witnesses presented by the respondent. The Trial Commissioner having rejected petitioner's claim of frivolity and having credited the testimony of these witnesses, there is no support in the record for petitioner's contention that his dismissal was arbitrary, capricious and against the weight of substantial evidence. *(See, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444.) Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.

■ J. R. S., Appellant, v P. J. S., Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered March 6, 1989, directing defendant to produce a net worth affidavit as of the date of the separation agreement, and order and judgment (one paper) of the same court and Justice, entered April 14, 1989, granting defendant's motion for sum-

mary judgment for a conversion divorce and severing, for separate determination, the validity of the financial provision and other provisions of the separation agreement, unanimously affirmed, with costs and disbursements.

In this action for a conversion divorce, plaintiff husband seeks to invalidate a separation agreement which was subscribed by him and acknowledged on December 7, 1987. While plaintiff urges that the agreement is void *ab initio* as the result of fraud and undue influence, the record is barren of any support for such an allegation. The claim that plaintiff, an experienced attorney, did not read the agreement before signing it, even if credited, would afford no basis for relief. Absent a showing of fraud, duress or some other wrongful act, and, as noted, there is no such showing here, only mere conclusory allegations having no probative force, one who signs a written agreement is conclusively bound by its terms. *(Juliani v Juliani,* 143 AD2d 72, 74-75; *Pimpinello v Swift & Co.,* 253 NY 159, 162-163; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701.) Since plaintiff failed to establish the existence of a triable issue of fact, the motion for summary judgment granting defendant a conversion divorce was properly decided.

In addition, plaintiff's challenges to the financial and other provisions of the agreement are insufficient to defeat the granting of a conversion divorce. *(Christian v Christian,* 42 NY2d 63.) Finally, while plaintiff claims that he is entitled to a current net worth statement of defendant, it is well settled that a party is not entitled to such until it has been established that the agreement or its financial provisions are invalid. *(See, Oberstein v Oberstein,* 93 AD2d 374.) The motion court properly limited the net worth statement to the date of the signing of the separation agreement. Concur—Kupferman, J. P., Sullivan, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON ATKINSON, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered on May 2, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing defendant as a second felony offender to an indeterminate term of imprisonment of from 2½ to 5 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, among other things, the crime charged, the particular circumstances of the individual