■ LESTA W. STACOM, Appellant, v BENJAMIN WUNSCH, Respondent.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on June 30, 1989, which granted defendant's motion to dismiss (CPLR 3211 [a] [7]) the

first, second, third, fourth, fifth, ninth, eleventh, twelfth and thirteenth causes of action in the verified complaint for failure to state a cause of action (CPLR 3211 [a] [7]), and the order of the same court, entered October 17, 1989, which granted plaintiff's motion for reargument and upon reargument adhered to its earlier decision, are unanimously affirmed, without costs.

The parties entered into a separation agreement on October 13, 1983, after 12 years of marriage. They were divorced several weeks later. As part of the agreement, plaintiff and her attorney negotiated a deal in which plaintiff immediately received from defendant over $1 million and a Park Avenue apartment with equity of about $800,000. The agreement also included alimony payments of $50,000, two cars, a substantial amount of jewelry, and two life insurance policies. Within four months of the divorce, plaintiff remarried.

For five years after the divorce, plaintiff had no contact with defendant, who lives in Florida. In October 1988, plaintiff filed this action seeking to invalidate the separation agreement and the divorce on the grounds of coercion and duress. The complaint is premised on the predivorce conduct of defendant. Plaintiff also asserts that she took psychotropic medications after the divorce and underwent psychiatric care for an unidentified condition and for an unidentified period of time.

Defendant moved to dismiss most of the causes of action in the complaint for failure to state causes of action. The IAS court granted the motion since the separation agreement was ratified by plaintiff as she accepted the benefits of the negotiated agreement for five years without complaint.

"[A] party seeking to repudiate a contract procured by duress must act promptly lest he or she be deemed to have elected to affirm it". (Chalos v Chalos, 128 AD2d 498, lv denied 70 NY2d 609, rearg denied 70 NY2d 927; see also, Groper v Groper, 132 AD2d 492, 496.) For five years, plaintiff accepted the benefits of the separation agreement in silence, and she has not demonstrated that the alleged duress and coercion by defendant continued after she signed the separation agreement. Accordingly, plaintiff has effectively ratified the separation agreement. (See, Beutel v Beutel, 55 NY2d 957, 958.)

Although ratification is an affirmative defense, which defendant has the burden of proving, the IAS court properly dismissed the various causes of action on the instant motion since the issue of ratification was obvious in the pleadings and

papers before the court. *(See, e.g., Beutel v Beutel,* 55 NY2d 957, *supra; see, Glaser v Glaser,* 127 AD2d 741.) While plaintiff asserts that her papers raised issues of fact of nonratification, the allegations are inadequate to raise a question of continuing duress and resulting inability to protest for five years. *(See, e.g., Sheil v Sheil,* 114 AD2d 496.)

We have considered plaintiff's other claims and find them to be of no merit. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.