■ RICHARD GLOOR, Appellant, v MELISSA GLOOR, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment on her counterclaim for a conversion divorce. Viewing the record in the light most favorable to plaintiff, we conclude that his conclusory assertion that the parties' separation agreement was the product of duress was inadequate to rebut the prima facie showing made by defendant that plaintiff ratified the agreement *(see, Stampfel v Stampfel,* 170 AD2d 595; *Herley v Herley,* 152 AD2d 987; *Juliani v Juliani,* 143 AD2d 72, 74; *cf., Groper v Groper,* 132 AD2d 492, 496). The proof is uncontroverted that, in the four years following execution of the separation agreement and pursuant thereto, the parties lived separate and apart and plaintiff enjoyed exclusive occupancy of the jointly-owned marital residence and paid child support to defendant. In addition, a lump sum pension distribution made to plaintiff by his former employer was divided between the parties in a manner consistent with the separation agreement. That transaction is evidenced by an agreement of May 25, 1990, which expressly acknowledged the existence of the separation agreement of May 15, 1987.

Even if one were to assume that plaintiff executed the separation agreement under duress, by accepting its benefits or acquiescing in its provisions for such a considerable period of time he ratified the agreement and may not now repudiate it *(see, Stacom v Wunsch,* 162 AD2d 170, 171, *lv dismissed* 77 NY2d 873; *Groper v Groper, supra,* at 496). We reject plaintiff's contention that an issue of fact is presented concerning whether defendant substantially complied with the separation agreement *(see,* Domestic Relations Law § 170 [6]).

Supreme Court did not err by including within its judgment a provision that incorporated without merger the terms of the separation agreement. Plaintiff's vague allegations that the agreement was unconscionable and the result of overreaching were insufficient to defeat summary judgment *(see, Juliani v*

*Juliani, supra,* at 74; *see also, J. R. S. v P. J. S.,* 155 AD2d 323, 324, *lv denied* 75 NY2d 938). The fact that plaintiff was not represented by counsel during the negotiation and execution of the agreement, while relevant to the determination, is not the equivalent of a finding of overreaching *(see, Brassey v Brassey,* 154 AD2d 293, 295; *Juliani v Juliani, supra,* at 74), especially where, as here, it is clear that plaintiff made a conscious decision not to retain counsel *(see, Groper v Groper, supra,* at 497). Considering the terms of the agreement in light of the proof of the parties' past and current financial circumstances as portrayed in their affidavits and statements of net worth, we conclude, as a matter of law, that its terms were fair and reasonable when made and are not now unconscionable *(see,* Domestic Relations Law § 236 [B] [3]; *Christian v Christian,* 42 NY2d 63; *Juliani v Juliani, supra).*

We have considered plaintiff's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Boehm, J.—Divorce.) Present —Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ.