■ In the Matter of the Estate of FELIX SCHELL, Deceased. KURT SCHELL, Appellant-Respondent; WENDY SCHELL, Respondent-Appellant. [594 NYS2d 807] —In a contested probate proceeding, the executor appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), entered March 11, 1991, as denied, in part, his motion which was for

summary judgment dismissing the claimant's claim against the estate, and the claimant cross-appeals from stated portions of the same order which, *inter alia,* granted that branch of the executor's motion which was to dismiss the claimant's purported exercise of a statutory right of election as the decedent's surviving spouse.

Ordered that the order is modified, on the law, by deleting the provision thereof denying in part the executor's motion which was for summary judgment dismissing the claimant's claim against the estate in its entirety, and substituting therefor a provision granting the motion in its entirety, and the claimant's claim is dismissed; as so modified, the order is affirmed, with costs payable by the claimant.

The decedent and the claimant were married on October 11, 1972. On March 5, 1982, they executed a separation agreement. On the basis of that agreement, the Supreme Court, Nassau County, entered a judgment of divorce on November 11, 1983 *(see,* Domestic Relations Law § 170 [6]). The separation agreement survived but did not merge in the judgment of divorce.

The decedent died on February 2, 1990, and the claimant sought to exercise a statutory right to elect against his will as his surviving spouse *(see,* EPTL 5-1.1). She asserted, *inter alia,* that the decedent concealed the true extent of his assets and thus fraudulently induced her to execute the separation agreement that served as the basis for the divorce.

The executor moved for summary judgment dismissing the claim. In opposition, the claimant asserted that it was not until the will was presented for probate that she became aware of the true extent of the decedent's holdings.

The Surrogate granted the executor's motion to the extent of declaring that the divorce judgment operated to bar the claimant's exercise of a statutory right of election as the decedent's surviving spouse. However, the Surrogate otherwise denied the motion, concluding that there were "factual issues concerning the validity of the financial provisions of the separation agreement".

Clearly, the Supreme Court obtained jurisdiction over the claimant in the divorce action. This being the case, the claimant may not challenge the judgment of that court through a collateral attack in the Surrogate's Court *(see, Crouse v McVickar,* 207 NY 213; *Matter of Satulsky,* 150 AD2d 193; *see also, Matter of Leikind,* 22 NY2d 346). Since the judgment of divorce remains in full force and effect, the claimant may not

exercise a statutory right of election as the decedent's surviving spouse *(see,* EPTL 5-1.2 [a] [1]). The Surrogate therefore properly dismissed the claim insofar as it asserted a spousal right of election.

In support of his motion for summary judgment, the executor submitted copies of the joint tax return of the claimant and the decedent for the years 1980 and 1981. These established that the claimant was aware of the decedent's financial holdings at the time she executed the separation agreement *(see, Metzger v Aetna Ins. Co.,* 227 NY 411). The claimant failed to rebut this showing by evidentiary facts in admissible form *(see, Torsiello v Torsiello,* 188 AD2d 523). Moreover, since the claimant received benefits under the agreement for almost eight years, she relinquished her right to challenge the agreement *(see, Melchiorre v Melchiorre,* 142 AD2d 558; *see also,* CPLR 213 [8]; *Riley v Riley,* 179 AD2d 750; *Curry v Chollette,* 57 AD2d 604). Under such circumstances, the executor's motion is granted in its entirety and the claim is dismissed. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.