■ GAIL M. PERRETTA, Respondent, v ROBERT C. PERRETTA, Appellant. [610 NYS2d 374] —Weiss, J. Appeal from a judgment of the Supreme Court (White, J.) granting, *inter alia,* plaintiff a divorce, entered August 26, 1992 in Montgomery County, upon a decision of the court.

Plaintiff, who had separated from defendant pursuant to a September 9, 1989 separation agreement, commenced an action for a conversion divorce pursuant to Domestic Relations Law § 170 (6) on March 14, 1991. After defendant answered alleging both the invalidity of the agreement and plaintiff's noncompliance therewith, plaintiff moved for summary judg-

ment. Defendant has appealed from the judgment granting the conversion divorce and determining child support.

Defendant has failed to support his conclusory allegations concerning the effect of the terms of the agreement. His suggestion that the agreement was to become void in the event of a reconciliation is directly and specifically addressed by the plain terms of the agreement, which states that it would not be invalidated or affected by a temporary reconciliation without a specific written cancellation. Absent fraud, duress or wrongful conduct, none of which has here been alleged much less supported by an evidentiary showing, a party to a written agreement is conclusively bound by its plain terms (see, J.R.S. v P.J.S., 155 AD2d 323, 324, lv dismissed, lv denied 75 NY2d 938; see also, Gloor v Gloor, 190 AD2d 1007).

Defendant's allegations concerning noncompliance fail to raise substantial noncompliance as an issue of fact. The first allegation concerns a vehicle which had been in plaintiff's possession. The agreement provided that defendant was "entitled to exclusive possession" and that it would be immediately placed for sale. Defendant alleges that plaintiff did not grant him possession and, actually, that plaintiff sold the vehicle. Defendant, who owned another vehicle, fails to even suggest that he requested or was refused possession, or that the sale was not in good faith and in substantial compliance with the sale provision. Defendant's conclusory allegation has not demonstrated that plaintiff was noncompliant with the pertinent term in the agreement (see, Gloor v Gloor, supra), nor that plaintiff's acts, if out of technical compliance, constituted a significant violation (see, Nahl v Nahl, 148 AD2d 898).

Defendant also alleges that plaintiff failed to make child support payments to him. The agreement contains no specific provision for the payment of child support but rather states generally that both parties recognize their mutual obligation to support or educate their child, and that both would endeavor to do so in accordance with their abilities and the child's needs. Supreme Court interpreted the clause by concluding that it did not impose a specific obligation upon plaintiff to make payments to defendant. Moreover, the court found that defendant made no showing that plaintiff did not otherwise endeavor to provide for the support and education of the child in accordance with her means and the child's needs. While differing interpretations of the provisions were offered, neither party offered extrinsic evidence supporting their position. Accordingly, the resolution of the ambiguity

was left to Supreme Court for its determination as a matter of law *(see, Healy v Healy,* 167 AD2d 687, 688) and we find no error with the resultant interpretation.

We disagree with defendant's next contention. Supreme Court, having concluded that the separation agreement did not resolve the issue of child support, was compelled to provide its direction for child support *(see,* Domestic Relations Law § 240 [1]; *see also,* Domestic Relations Law § 240 [1-b]).* Nor do we find error with the court's use of plaintiff's income as shown in her 1991 tax return inasmuch as the Child Support Standards Act specifically provides for the use of the gross income reported on her most recent income tax return *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [i]) less a deduction for Federal Insurance Contribution Act taxes actually paid *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]). Finally, defendant, as the recipient of the child support award, has failed to show how the use of an approximation of his income, an issue not objected to before Supreme Court would affect the calculation of the weekly sum due him from plaintiff.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* A review of the record fails to reflect a demand for child support on the part of defendant, the primary physical custodian of the child. Nevertheless, in a divorce action, the court must give direction between the parties for the support of any child of the parties.