■ JOHANNA LUCE, Appellant, v RAYMOND J. LUCE, JR., Respondent. (Appeal No. 1.) [625 NYS2d 954] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ JOHANNA LUCE, Appellant, v RAYMOND J. LUCE, JR., Respondent. (Appeal No. 2.) [625 NYS2d 765] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court should have granted the motion of plaintiff for summary judgment and granted her a conversion divorce based upon the parties having lived apart for more than one year in substantial compliance with their separation agreement. Pursuant to that agreement, defendant became the sole shareholder in a closely held corporation and plaintiff received a $287,000 mortgage on 23 parcels of land owned by that corporation. During the 21-month period after the agreement was signed, defendant transferred a number of parcels of property owned by the corporation. On several occasions, at defendant's request, plaintiff executed a release of her mortgage on parcels being sold by the corporation and received the agreed upon sum of $12,500. On March 30, 1992, plaintiff commenced this divorce action. In his answer defendant asserted a number of affirmative defenses, including that the separation agreement was unfair, unreasonable and the product of fraud and duress.

By his actions during the 21 months following the execution of the separation agreement, wherein he acquiesced in the agreement and received benefits therefrom, defendant is deemed to have ratified the agreement (see, Beutel v Beutel, 55

NY2d 957, 958; *Anonymous v Anonymous,* 137 AD2d 739, 742; *Sheindlin v Sheindlin,* 88 AD2d 930, 931). Even if defendant had executed the agreement under duress, he may not now repudiate it because his subsequent acceptance of its benefits for a considerable period of time constituted ratification of the agreement *(see, Gloor v Gloor,* 190 AD2d 1007; *Stacom v Wunsch,* 162 AD2d 170, 171, *lv dismissed* 77 NY2d 873; *Groper v Groper,* 132 AD2d 492, 496). We remit the matter to Supreme Court to grant judgment in favor of plaintiff. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.— Reargument.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.