■ Susan Wasserman, Appellant, v Herbert Wasserman, Respondent. [629 NYS2d 69] —In an action to rescind the financial provisions of the parties' separation agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated October 22, 1993, as granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court correctly dismissed her action to rescind the financial provisions of the parties' separation agreement. A properly executed separation agreement must be enforced unless it can be shown to be unconscionable or the result of fraud or duress (*see, Christian v Christian*, 42 NY2d 63). An unconscionable bargain is regarded as one " ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' " (*Christian v Christian, supra*, at 71). Here, however, the agreement, which awarded the plaintiff title to the parties' cooperative apartment and spousal maintenance until her remarriage, but which indicated that she had voluntarily waived her right to seek a share of the value of the defendant's medical license, was not so manifestly unfair on its face as to be unconscionable (*see, Gloor v Gloor*, 190 AD2d 1007; *Torsiello v Torsiello*, 188 AD2d 523).

Furthermore, it is well settled that " ' "a party seeking to repudiate a contract procured by duress must act promptly lest he [or she] be deemed to have elected to affirm it" ' " (*Stampfel v Stampfel*, 170 AD2d 595), and thus a party who accepts the benefits provided under a separation agreement for any considerable period of time relinquishes the right to challenge that agreement (*see, e.g., Luce v Luce*, 213 AD2d 978; *Matter of Schell v Schell*, 191 AD2d 570, 572; *Torsiello v Torsiello, supra*, 188 AD2d, at 523). In the instant case, the plaintiff accepted the benefits of the separation agreement for three years before commencing this action to challenge its validity, and she has not demonstrated that her claimed incapacity continued through the three-year period during which the contract was effective and fully performed by the defendant (*see, Beutel v Beutel*, 55 NY2d 957), or that her failure to promptly challenge

the agreement was the result of continuing duress. Under these circumstances, the court did not err in granting the defendant's motion to dismiss the complaint (*see, Stacom v Wunsch*, 162 AD2d 170). Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.