■ MARY McKEOWN, Respondent, v DONALD McKEOWN, Appellant. [654 NYS2d 549] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint, which sought to vacate the parties' judgment of separation and to rescind a stipulation of settlement, incorporated but not merged in the judgment, on the ground that defendant fraudulently concealed a lump-sum social security bridge payment made to him by his former employer, Eastman Kodak, during the pendency of the matrimonial action before it was converted to an action for separation.

"[S]tipulations of settlement meet with judicial favor, especially where * * * the terms are read into the record in open court and the party seeking to vacate the stipulation was represented by competent counsel" (*Bossom v Bossom*, 141 AD2d 794, 795). Here, the parties, who were both represented by counsel, were present when counsel read the stipulation of settlement into the record. Further, plaintiff became aware that defendant had received the lump-sum bridge payment when she received an affidavit containing that information from Eastman Kodak in June of 1993, yet she continued to accept the benefits of the stipulation of settlement for nearly three years before she allegedly "discovered" the nature of the bridge payment and commenced this action. Where, as here, a party continues to accept the benefits of a stipulation of settlement for a considerable period of time, the party is deemed to have ratified the agreement (*see, Beutel v Beutel*, 55 NY2d 957, 958; *Luce v Luce* [appeal No. 2], 213 AD2d 978; *Gloor v Gloor*, 190 AD2d 1007). Further, the bridge payment to defendant, having been received after the matrimonial action was commenced, was his separate property (*see*, Domestic Relations Law § 236 [B] [1] [c]; *Olivo v Olivo*, 82 NY2d 202). We therefore reverse the order but in doing so do not condone the failure of defendant to disclose the bridge payment when questioned under oath regarding his property.

That part of plaintiff's first cause of action seeking to vacate the judgment of separation must be dismissed; plaintiff's remedy is to move to vacate the judgment pursuant to CPLR 5015 (*see generally,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.05b). Finally, because there is a valid and enforceable judgment of separation, plaintiff's second cause of action seeking a judgment of separation must be dismissed. (Appeal from Order of Supreme Court, Wyoming County, Feeman, Jr., J.— Dismiss Complaint.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.