■ THOMASINE HARDY, as Administratrix of the Estate of ELLOUISE JOHNSON, Deceased, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, entered on August 5, 1964, unanimously reversed, on the law and on the facts, and in the exercise of discretion, without costs, and motion to dismiss for lack of prosecution granted but with leave to plaintiff to move to vacate the dismissal upon a proper showing of merit in the action, provided, however, the motion shall be made within 20 days after service of order hereon with notice of entry. The proceedings for trial were deferred because of the unavailability of the city hospital records, the delay in an examination before trial of resident building superintendent and in the return of the transcript of his testimony, and a rejection for defects, of note of issue, prepared for filing and service to place the matter on the calendar. Defendant acquiesced in the delay in prosecution and Special Term held that the "delay * * * [was] not entirely the fault of the plaintiff." Under all the circumstances in this case, the delay would be excusable upon a proper showing of merit to the action. (*Kallman* v. *Wolf Corp.*, 19 A D 2d 521; *Spira* v. *Harris 187th St. Market*, 18 A D 2d 1063; *Sortino* v. *Fisher*, 20 A D 2d 25.) The attorneys' affidavit, however, as submitted, is insufficient for this purpose. (See *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Sigmund* v. *House of Cutlery*, 7 A D 2d 565; *Keating* v. *Smith*, 20 A D 2d 141.) The injured plaintiff is now deceased but his testimony had been taken by the defendant, there has been, as aforesaid, an examination before trial of the building superintendent and also at this stage of the action, plaintiff's investigation should be completed. Therefore, the plaintiff administratrix should be in a position to show the prima facie merit, if any, of the action. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.