■ FREDERICK A. CONFINO, Appellant, v EILEEN N. CONFINO,

Respondent.—In an action, *inter alia,* to set aside a separation agreement, to impose a constructive trust on certain real property and for an accounting, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 4, 1985, which granted the defendant wife's motion pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, and, pursuant to CPLR 3211 (a) (5) and (7), to dismiss the second cause of action.

Order reversed, with costs, and motion denied. The defendant's time to serve her answer is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry.

The complaint alleges that the parties were married on November 15, 1975, and, in February 1979 acquired the marital residence as tenants by the entirety. In February 1980, owing to certain business considerations, the parties joined in a deed conveying sole title to the premises to the defendant with the understanding that, upon demand by the plaintiff, she would reconvey title to both as tenants by the entirety. At the time of the conveyance, there were no actions or claims pending against the plaintiff nor was there any intent to defraud creditors.

In an effort to finance a laundromat business, a mortgage was executed by the defendant at the plaintiff's request in October 1980 and a loan was secured. In 1982, the plaintiff required funds for the continuation of the laundromat and two other business enterprises. The plaintiff's financial situation was such that lenders refused to extend any type of credit or moneys to the plaintiff unless the loans and revolving credit were secured by collateral. The defendant refused to have another mortgage placed on the property or to allow the premises to be used as collateral for any loan or guarantee for the plaintiff unless he agreed to enter into a separation agreement to be drawn by the defendant's attorney and under her terms and conditions. A third mortgage was executed by the defendant on May 24, 1982, but the defendant continually refused to execute the necessary revolving credit unless the plaintiff entered into a prepared separation agreement. Only after said agreement and a certain rider were signed by the plaintiff did the defendant agree to provide the necessary credit guarantee. It was claimed, in support of the first cause of action, that the defendant obtained the execution of the separation agreement and rider through duress based upon the exigencies of the plaintiff's precarious and critical financial condition. As a second cause of action, the plaintiff sought

reconveyance of his original interest in the premises on the theory that the defendant holds such in a constructive trust for the benefit of both parties. The third cause of action, which is not a subject of this appeal, seeks an accounting for rent for the period of time when both parties were absent from the premises and it was being rented to a third party.

The defendant moved, prior to serving an answer, to dismiss the first and second causes of action for failure to state a cause of action (see, CPLR 3211 [a] [7]) and to dismiss the second cause of action as barred by the Statute of Frauds (see, CPLR 3211 [a] [5]). Special Term granted the defendant's motion.

The defendant moved under CPLR 3211 rather than for summary judgment pursuant to CPLR 3212. The pleadings, which are quite specific, must be viewed liberally and upon an assumption of their truth (see, CPLR 3026). The plaintiff's first cause of action to set aside the separation agreement was premised upon the claim that the defendant improperly retained sole title to the premises and utilized her retention of title to coerce the plaintiff, who was facing severe financial hardships, into executing a disadvantageous separation agreement. There is a sufficient basis set forth in the complaint to support, at least at this juncture, a cause of action based upon overreaching and duress. This is especially so as the record indicates, contrary to Special Term's belief, that the plaintiff was not represented by counsel in connection with the separation agreement prepared by the defendant's attorney (see, Christian v Christian, 42 NY2d 63, 72).

With respect to the second cause of action, we find that the allegations, if taken as true, show a confidential relationship between the parties, an agreement by the defendant to reconvey title upon the plaintiff's request, a transfer of interest by the plaintiff in reliance upon such agreement and unjust enrichment on the part of the defendant. The necessary elements for imposition of a constructive trust are, therefore, sufficiently set forth to defeat a motion to dismiss.

Accordingly, the order under review should be reversed and the defendant's motion denied in its entirety. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.