■ MICHELE CHALOS, Appellant, v MICHAEL CHALOS, Respondent.—In an action for rescission of a separation agreement on the grounds of fraud, duress and undue influence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 26, 1985, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is affirmed, with costs.

In this action, the plaintiff wife sought to set aside a separation agreement executed in August 1982 based upon fraud, duress, and undue influence. Prior to issue being joined, both parties submitted affidavits with respect to the defendant husband's motion to dismiss. Based upon the procedural route followed by the parties, we reject the plaintiff's claim that Special Term was found to accept the allegations in the complaint as true and decide whether the complaint stated a cause of action. Where affidavits are submitted on a motion to dismiss pursuant to CPLR 3211 (a), which, as in the case at bar, had not been converted into a motion for summary judgment, the question to be determined is whether the plaintiff actually has a cause of action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275; *Fields v Leeponis,* 95 AD2d 822).

The facts establish that the separation agreement was executed on August 19, 1982 and survived a judgment of divorce entered on May 27, 1983. Both parties were represented by counsel during the negotiation and execution of the agreement.

Based upon the foregoing, we conclude that the plaintiff does not have a cause of action based on duress. The law is well settled that a party seeking to repudiate a contract

procured by duress must act promptly lest he or she be deemed to have elected to affirm it *(see, Beutel v Beutel,* 55 NY2d 957; *Sheindlin v Sheindlin,* 88 AD2d 930). The plaintiff is attempting to set aside a three-year-old agreement which the record indicates she has substantially complied with. The plaintiff is, therefore, barred from raising the issue of duress. Moreover, both parties were represented by counsel with respect to the agreement *(see, Beutel v Beutel, supra; Wile v Wile,* 100 AD2d 932, 934; *cf., Confino v Confino,* 120 AD2d 635). We also note that this action was commenced only after the defendant husband had instituted suit against the plaintiff wife seeking, *inter alia,* damages for her alleged breach of one of the provisions of the separation agreement.

With respect to the plaintiff's allegations of fraud, we find that the plaintiff's ratification of the agreement bars the action *(see, Stoerchle v Stoerchle,* 101 AD2d 831). In any event, the plaintiff knew about the defendant's holdings in certain property and the mere fact that the defendant did not apprise the plaintiff of their worth is not sufficient to indicate that a fraud was perpetrated upon her. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.