■ FREDA HIRSCH, Appellant, v JACK HIRSCH et al., Respondents.—In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated June 23, 1986, which granted the defendant husband's motion for summary judgment on his counterclaim for counsel fees and denied the plaintiff's cross motion to vacate an order of the same court, dated April 8, 1986, granting the husband's motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

We find that the Supreme Court did not abuse its discretion in denying the plaintiff's cross motion to vacate her default in view of the fact that she failed to submit an affidavit of merit or documentary evidence to substantiate her claim of fraud. The affirmation submitted by the plaintiff's counsel in support of the cross motion merely incorporated and reiterated the allegations of the complaint. Moreover, apart from the fact that no probative evidence was submitted to support the allegations, there is also nothing in the papers to indicate that the plaintiff's attorney had personal knowledge of the facts alleged *(see, Rubin v Rubin,* 72 AD2d 536). Accordingly, the plaintiff failed to sustain her burden of demonstrating the viability of the causes of action asserted in her complaint *(see, Central School Dist. No. 1 v Perfetto & Whalen Constr. Corp.,* 79 AD2d 755, *affd* 53 NY2d 1034; *Hardy v New York City Hous. Auth.,* 22 AD2d 787).

We further note that the separation agreement contained an express acknowledgement by the plaintiff that she fully understood the terms of the agreement, that she had been represented by counsel of her own choosing and that she had relied solely upon the representations and advice of her attorney and the experts she had retained to conduct an independent investigation regarding the defendant husband's financial circumstances. She additionally stipulated that she had not relied upon the husband's representation. These acknowledgements, coupled with the fact that the plaintiff ratified the agreement by accepting the benefits provided thereunder for a period in excess of two years, effectively negate her claim of fraud and bar collateral attack upon the agreement *(see, McDougall v McDougall,* 129 AD2d 685; *Carosella v Carosella,* 129 AD2d 547; *Glaser v Glaser,* 127 AD2d 741; *Weinstein v Weinstein,* 109 AD2d 881; *Stoerchle v Stoerchle,* 101 AD2d 831).

Finally, the defendant husband was properly awarded coun-

sel fees in accordance with the express provisions of the separation agreement. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.