■ LENORE KAUFMAN, Respondent, v ALFRED KAUFMAN, Appellant. (And Another Title.)—In an action, *inter alia,* to set aside a stipulation of settlement in a prior matrimonial proceeding on the ground of fraud, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 9, 1987, which denied his motion for summary judgment pursuant to CPLR 3212, and to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

In the instant action, commenced on or about April 11, 1985, the plaintiff sought to set aside a stipulation entered into between her and the defendant, her former husband, on May 13, 1977, which, *inter alia,* provided for child support and the disposition of the former marital residence. The stipulation was entered in open court immediately following the plaintiff's testimony concerning the grounds for divorce. Both parties were represented by counsel and under oath when they agreed that they understood the stipulation and would be bound by its terms. The stipulation was incorporated but not merged in a judgment of divorce dated June 6, 1977.

In her complaint, the plaintiff alleges that at the time her husband entered the stipulation, he claimed that his income was $250 per week, and that he had assets, aside from the marital residence, of between $20,000 and $30,000. The plaintiff alleges and the defendant does not deny that he continues to represent that his income has not increased materially since the time of the divorce. It was "in or about 1983/1984" that the plaintiff determined that the defendant's representa-

tions were false when she discovered that he had purchased a house in New Milford, Connecticut, in 1983, and another in Rye, New York, in 1984. The defendant does not deny that he made these purchases. The plaintiff further alleges that the defendant made the representations as to his income to induce her to enter the stipulation, and that in light of the misrepresentations which she believed to be true, and upon which she relied, the terms of the stipulation were unfair and inadequate during the time the agreement was in effect.

Viewing the complaint liberally and assuming the truth of the allegations made (see, Confino v Confino, 120 AD2d 635, 637), we find that the complaint sufficiently pleaded the elements of fraud (see, CPLR 3013; see, Abbate v Abbate, 82 AD2d 368, 377), and supplied sufficient detail to satisfy the specific pleading requirements of CPLR 3016 (b) (see, Lanzi v Brooks, 43 NY2d 778, 780).

The defendant's affidavit in support of his motion fails to address the merits of the plaintiff's complaint. He states that at present only 1 of his 3 children benefits from the child support provisions of the stipulation (the other children have reached the age of 21 years), and that since the plaintiff has remarried, the marital residence should now be sold pursuant to the stipulation. Thus, he asserts that the action is "a baseless * * * meritless * * * suit, to buy time before my former wife must sell the house and equally divide the net proceeds".

However, the defendant has failed to tender "evidentiary proof in admissible form" to support his contention that the action is meritless so as to warrant the granting of summary judgment (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). Therefore, we need not consider the adequacy of plaintiff's opposition to the motion.

Since the stipulation was incorporated but not merged in the judgment of divorce, the present action is not barred by that judgment. The terms of the agreement were separable and subject to an independent suit (see, e.g., Beutel v Beutel, 55 NY2d 957). The present claim of fraud in the inducement, by its very nature, has not been precluded by either the terms of the stipulation or the findings in the judgment (see, Incorporated Vil. of Freeport v Sanders, 121 AD2d 430, 431, appeal dismissed 68 NY2d 907; cf., Beckford v Beckford, 54 AD2d 968, 969).

The alleged fraud was uncovered at the earliest in 1983 and therefore this action, brought in 1985, was timely commenced (see, CPLR 213 [8]).

The defendant's remaining claims, made for the first time on appeal, have not been considered.

The plaintiff should have the opportunity to complete discovery as provided for in our prior order (see, *Kaufman v Kaufman,* 125 AD2d 293; see also, *Christian v Christian,* 42 NY2d 63, 72). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.