■ JONI EVANS, Respondent, v RICHARD SNYDER, Appellant. —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 14, 1987, which, in part, granted plaintiff's motion to stay arbitration and referred the validity of the agreement to arbitrate to a Special Referee, unanimously modified, on the law, to deny the motion to stay arbitration and to grant the cross motion to direct arbitration, and otherwise affirmed, without costs.

The parties, both astute businesspersons, were married on May 19, 1978. It was a second marriage for both and no children have been born of the union. Prior to the marriage, the parties purchased jointly a country home in Pound Ridge, Westchester County, New York State. It was known as Linden Farm and consisted of 73.5 acres and a 16-room house. The purchase price was $462,000.

On July 5, 1978, subsequent to the marriage, the parties entered into an agreement concerning Linden Farm which set forth their respective interests in the property and provided for its disposition if the parties separated. Paragraph 8 of the agreement provided for arbitration by the American Arbitration Association in the event of a dispute over the provisions of the agreement. On March 16, 1982 the agreement was amended, but the arbitration clause remained.

In 1986 the parties separated. In accordance with the terms of the property agreement, defendant sought to purchase plaintiff's interest in Linden Farm. When plaintiff refused, defendant invoked the arbitration provision of the agreement. Plaintiff then moved to stay arbitration and her application was granted by the motion court.

Plaintiff seeks to void the property agreement on the following grounds: that she mistakenly thought she would lose her interest in the property in case of a separation unless she signed it, that one attorney represented both parties to the agreement and that the agreement is unfair. These contentions are rejected in view of this record which shows plaintiff to be a sophisticated and successful businessperson who demanded and received several drafts of the agreement before it

was signed. The law approves of the settlement of property disputes where a marital relationship terminates and the agreement is not unconscionable *(see, Christian v Christian,* 42 NY2d 63, 71-72).

Motion by plaintiff-respondent to strike a certain affidavit from part of the record on appeal denied. Concur—Sandler, J. P., Carro, Ross and Smith, JJ.