■ Drora Shalmoni, Appellant, v Moshe Shalmoni, Respondent.—In an action, *inter alia,* for reformation and rescission of a separation agreement on the ground of fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated June 15, 1987, which granted the defendant's motion to dismiss the first, second, third and fourth causes of action of the complaint and denied her cross motion to amend the complaint.

Ordered that the order is affirmed, with costs.

In the original complaint, the plaintiff sought, *inter alia,* reformation and rescission of a separation agreement she had entered into with the defendant in December 1983 and money damages on the theory that the defendant fraudulently misrepresented his financial circumstances, the value of certain assets and the amount of debts owed by the parties to induce her to execute the agreement. Both parties were represented by counsel during the execution and negotiation of the agreement which was later incorporated but not merged in the judgment of divorce dated January 7, 1985.

The proposed amended complaint essentially parallels the allegations of the original complaint except that the plaintiff deleted her request for equitable relief and sought only money damages.

Although pleadings are to be liberally construed, the essen-

tial material facts supporting the cause of action must still appear on the face of the complaint or a plausible explanation provided for the failure to do so when the pleadings are challenged (CPLR 3026; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Gorman v Gorman,* 88 AD2d 677, 678; *Greschler v Greschler,* 71 AD2d 322, 325, *mod* 51 NY2d 368). The pleaded allegations at bar do not meet the minimum requirements of CPLR 3013 and 3016 (b). The complaint contains only conclusory allegations as to the misrepresentations relating to the defendant's finances and assets and the amount of the parties' liabilities. The plaintiff does not offer any facts or circumstances constituting the claimed fraud, as required. While the plaintiff correctly avers that she is not required to plead matters in the defendant's exclusive possession *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187), the gravamen of plaintiff's action is the fraudulent misrepresentations which the plaintiff must set forth with particularity *(see, Greschler v Greschler, supra,* at 324-325).

Nor does the proposed amended complaint supply the deficiencies of the original complaint. Therefore, we find that the court properly denied leave to amend the complaint *(see, Island Cycle Sales v Khlopin,* 126 AD2d 516).

We further note that the plaintiff accepted the benefits of the equitable distribution of property and the child support payments provided under the separation agreement for a period in excess of three years and by her actions essentially ratified the agreement *(see, Beutel v Beutel,* 55 NY2d 957; *Chalos v Chalos,* 128 AD2d 498, *lv denied* 70 NY2d 609, *rearg denied* 70 NY2d 927; *Stoerchle v Stoerchle,* 101 AD2d 831). The plaintiff's ratification of the agreement upon the facts of this case effectively negates her claim of fraud *(see, Hirsch v Hirsch,* 134 AD2d 485; *Chalos v Chalos, supra).*

We have reviewed the plaintiff's remaining claims and find them to be without merit. Thompson, J. P., Brown, Weinstein and Rubin,, JJ., concur.