■ MICHAEL PATTI, Respondent, v SHERRILL PATTI, Appellant.—In a matrimonial action, the defendant wife appeals (1) from an order of the Supreme Court, Nassau County (Yachnin, J.), entered August 7, 1987, which denied her motion to set aside a separation agreement of the parties dated March 13, 1984, a modification agreement dated May 13, 1986, and a stipulation dated May 13, 1986, and (2) from an order of the same court, entered February 23, 1988, which denied her motion for renewal.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the wife's present contention, we conclude that the court properly denied her motion to vacate the various agreements of the parties without a hearing with respect to her allegations of fraud, unfairness and unconscionability. Her conclusory claim that the husband fraudulently concealed assets at the time the separation and modification agreements were executed is belied by the facts that both parties were represented by able counsel and accounting experts during the negotiations and that extensive financial disclosure, including the deposing of the husband on numerous occasions, was conducted. The wife was clearly provided with ample time and opportunity to obtain full and complete disclosure of the husband's assets, and she acquired voluminous financial information as a result. Moreover, the terms of the challenged agreements were quite generous toward her, especially in view of the short duration of the parties' marriage. Accordingly, the wife's vague and conclusory allegations of nondisclosure were insufficient to warrant a hearing as to whether the agreements or any portions thereof should be set aside for fraud and overreaching (see, Christian v Christian, 42 NY2d 63; McDougall v McDougall, 129 AD2d 685), or whether they were fair and reasonable when made and would not be unconscionable at the time of entry of the final judgment (see, Domestic Relations Law § 236 [B] [3]).

Additionally, we find that inasmuch as the wife accepted the benefits of the separation agreement and the modification thereof for years before moving to vacate them, she is precluded from now challenging them (see, Beutel v Beutel, 55 NY2d 957; Hirsch v Hirsch, 134 AD2d 485; Weinstein v Weinstein, 109 AD2d 881; Chasin v Chasin, 98 AD2d 788).

Furthermore, the Supreme Court properly denied the wife's motion to renew, as she did not offer a valid excuse for her failure to apprise the court of the alleged additional facts at the time the original motion was made (see, McRory v Craft Architectural Metals Corp., 112 AD2d 358).

We have considered the wife's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.