■ EVELYN M. GREENFIELD, Appellant, v CHARLES M. GREENFIELD, Respondent.—In an action (1) for a judgment setting aside a prior separation agreement, and (2) for a judgment of divorce based on allegations of cruel and inhuman treatment and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Willen, J.), dated December 21, 1987, as granted the defendant's motion for summary judgment dismissing the first cause of action and to dismiss the second cause of action pursuant to CPLR 3016 (c) on the ground that the allegations of cruel and inhuman treatment were insufficient.

Ordered that on the court's own motion the plaintiff wife's notice of appeal is treated as an application for leave to appeal, that application is referred to Justice Bracken, and leave to appeal is granted by Justice Bracken; and it is further,

Ordered that upon appeal by permission the order is modified, on the law, by deleting the provision thereof which dismissed the plaintiff wife's second cause of action, and substituting therefor a provision (1) denying the defendant husband's motion insofar as it was to dismiss the plaintiff wife's second cause of action, (2) severing the second cause of action, and (3) directing the defendant husband to serve an answer to the second cause of action contained in the plaintiff wife's amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements. The defendant's time to answer the second cause of action asserted in the plaintiff's amended complaint is extended until 10 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff wife commenced the present action by the service of a summons dated July 14, 1987, and a complaint. In her first cause of action she seeks a judgment setting aside a

separation agreement entered into between the parties on October 2, 1986. In her second cause of action she seeks a judgment of divorce based on allegations of cruel and inhuman treatment, and ancillary relief.

The defendant husband, prior to serving an answer, made a motion for summary judgment dismissing the first cause of action, and to dismiss the second cause of action on the basis, *inter alia,* that the allegations were not sufficiently specific *(see,* CPLR 3016 [c]).

The plaintiff subsequently made a cross motion for permission to discontinue two prior divorce actions. Also, in connection with her opposition to the defendant's motion, the plaintiff served an amended complaint, in which her allegations of adultery are made with greater specificity.

In an order dated October 2, 1987, the Supreme Court granted the plaintiff's cross motion and denied the defendant's motion as "moot". No appeal was taken from that branch of the order which granted the cross motion. Shortly thereafter, the defendant's attorneys informally requested the court to reconsider its decision. This informal application was made by way of a letter, which was addressed to the Supreme Court Justice who decided the motion individually, and a copy of which was apparently sent to the attorneys for the plaintiff. The plaintiff's attorneys then also dispatched a letter to the court.

Based upon these letters, the Supreme Court, in an order dated December 2, 1987, modified its previous order (1) by granting summary judgment in favor of the defendant husband as to the first cause of action, and (2) by dismissing the plaintiff's second cause of action. This appeal followed.

The order under review in the present case was not the culmination of a motion made upon notice and is therefore not appealable as of right to this court *(see,* CPLR 5701 [a] [2]; *Arslanian v Volkswagen of Am.,* 121 AD2d 492; *Cohalan v Johnson Elec. Constr. Corp.,* 105 AD2d 770; *Everitt v Health Maintenance Center,* 86 AD2d 224; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.06, n 49). However, in the interest of justice, and under the particular circumstances of this case, we treat the plaintiff's notice of appeal as an application for leave to appeal *(see,* CPLR 5701 [c]; *Crow-Crimmins-Wolff & Munier v County of Westchester,* 126 AD2d 696). Justice Bracken has granted leave to appeal.

The Supreme Court properly determined that there is no issue of fact which requires a trial of the plaintiff's first cause

of action. Pursuant to Domestic Relations Law § 236 (B) (3) and (5) (a), a properly executed agreement respecting the division of property must be enforced unless it can be characterized as "unconscionable" or is shown to be the result of fraud or overreaching *(Christian v Christian,* 42 NY2d 63, 77; *Yuda v Yuda,* 143 AD2d 657). Considering that the agreement in the present case provides that the plaintiff wife would take title to the marital residence, together with its contents, and that she would also receive municipal bonds valued at $250,000, and further considering that the defendant husband committed himself to pay the sum of $3,500 per month as maintenance for 10 years, we find, as a matter of law, that even assuming the truth of the plaintiff's allegations, the agreement cannot be considered unconscionable. Furthermore, there is no question that the plaintiff wife has "acquiesced in the agreement and [received] benefits under it for a [considerable] period of time" *(Cordero v Cordero,* 135 AD2d 483, 484; *see, Beutel v Beutel,* 55 NY2d 957, 958). Thus, the plaintiff is precluded from now attempting to have that agreement set aside.

With respect to the second issue raised on appeal, we find that the Supreme Court erred in dismissing the plaintiff's second cause of action for a divorce based on cruel and inhuman treatment. The amended complaint was served during the pendency of the defendant's preanswer motion, before the defendant's time to serve a responsive pleading had expired, and the amendment was therefore properly made as of right (CPLR 3211 [f]; 3025 [a]; *Moore Adv. Agency v I.H.R., Inc.,* 114 AD2d 484, 486-487; Siegel, NY Prac § 236, at 286-287). We find that the allegations contained in the amended complaint are sufficiently specific *(see,* CPLR 3016 [c]; *Kapchan v Kapchan,* 104 AD2d 358).

The order under review is therefore modified so as to provide for a severance of the second cause of action contained in the plaintiff's amended complaint. The defendant is directed to serve a copy of his answer to the amended complaint within 10 days of service upon him of a copy of this decision and order *(see,* CPLR 3211 [f]). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.