■ Patricia Capone, Respondent, v Peter Capone, Appellant.—In an action, *inter alia,* to rescind a separation agreement, the defendant husband appeals from so much of (1) an order of the Supreme Court, Nassau County (Di Noto, J.), dated June 30, 1988, as denied that branch of his cross motion which was for summary judgment dismissing the second cause of action for rescission of the parties' separation agreement and (2) an order and judgment (one paper) of the same court, entered August 10, 1988, as severed the second cause of action.

Ordered that the appeal from the order dated June 30, 1988 is dismissed, without costs or disbursement; and it is further,

Ordered that the order and judgment (one paper) is reversed insofar as appealed from, on the law and the facts, without

costs or disbursements, so much of the order dated June 30, 1988 as denied that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action is vacated, and that branch of the defendant's cross motion which was for dismissal of the second cause of action is granted.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties were married in 1962 and lived together until 1982. They have two children: Meryl, born November 21, 1962, and Cara Mier, born June 24, 1970. The husband is an architect and the wife operates a real estate business. On or about August 3, 1982, the parties entered into a separation agreement, which provided, inter alia, for generous support payments for the children by the husband and for distribution of the parties' assets. In February 1987, the wife commenced this action, inter alia, to set aside the agreement between the parties. In her amended complaint, she alleged that after the execution of the agreement the husband purchased substantial real property and expensive automobiles which he "would only have been able to purchase * * * if he had substantially greater assets and income than he had disclosed to [her] at the time the Agreement was executed". She also claimed that the terms of the separation agreement were unconscionable with respect to the property distribution and that it failed to provide for her maintenance, thus giving rise to an inference of overreaching on the part of the defendant in its execution. The husband set forth an affirmative defense of waiver because the wife had ratified the agreement by the receipt and acceptance of the benefits due to her, without complaint of any kind, for over four years. He also interposed a counterclaim for a conversion divorce (Domestic Relations Law § 170 [6]). After the wife moved to enjoin the husband from transferring or otherwise disposing of any of his assets, except in the ordinary course of business or personal affairs, without prior leave of the court, the husband cross-moved, inter alia, for summary judgment on his counterclaim and for summary dismissal of the cause of action seeking rescission of the separation agreement. The court, inter alia, denied the wife's motion and granted partial summary judgment to the husband, denying that branch of his cross motion which was for

summary judgment dismissing the rescission cause of action. The court ordered that part of the complaint which sought rescission of the parties' separation agreement and the requests for ancillary relief severed and continued. The husband appeals.

We do not agree that the wife's allegations warrant a hearing. A separation agreement that is fair on its face is ordinarily binding on the parties and will not be disturbed *(see, Christian v Christian,* 42 NY2d 63). We note that on its face the agreement is fair to the wife. As the court noted with respect to the wife's motion for a restraining order, the wife was represented by her own independent counsel *(see, Beutel v Beutel,* 55 NY2d 957) and appears to be a sophisticated and successful business person *(see, Evans v Snyder,* 136 AD2d 460). Also, the wife has accepted benefits under the agreement for a period of time, including title to the marital residence and its adjoining two-acre lot situated in Oyster Bay Cove, commercial property located in Oyster Bay, one half of the ownership interest in apartment buildings located in Freeport, a gull-wing Mercedes, a 380 SEL Mercedes and a Rolls Royce (after paying the husband one half of its value), and a settlement of $1.3 million for property located in Mill Neck, Long Island. By accepting the benefits of the agreement and acquiescing in it for a period of more than four years, the wife effectively waived her right to make such a challenge *(see, Beutel v Beutel,* 55 NY2d 957, *supra; Melchiorre v Melchiorre,* 142 AD2d 558; *Bettino v Bettino,* 112 AD2d 181). Therefore, that branch of the husband's motion which was for summary judgment dismissing the wife's second cause of action for rescission of the separation agreement should have been granted. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.