■ JERYL D. JESSUP, Appellant, v EDWARD WEIR, Respondent.—In an action, *inter alia,* to set aside a deed and to impose a constructive trust with respect to certain real property, the plaintiff appeals (1) from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered March 17, 1989, which, after a nonjury trial, dismissed the complaint, and (2) as limited by her brief, from so much of an order of the same court, dated May 10, 1989, as upon granting her motion, in effect, for reargument, adhered to its prior determination.

Ordered that the appeal from the judgment entered March 17, 1989, is dismissed, as that judgment was superseded by the order dated May 10, 1989, made upon reargument; and it is further,

Ordered that the order dated May 10, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Edward Weir and Jeryl Dale were married on September 6, 1970, and had two children, born in 1971 and 1976, respectively. During the marriage they purchased real property for their marital residence which they owned as tenants by the entirety. The parties had marital problems, and in January 1982 Jeryl Weir informed her husband that she had fallen in love with another man and wanted a divorce. On March 12,

1982, Edward Weir commenced an action for divorce against his wife on the ground of constructive abandonment. On March 25, 1982, the parties entered into a separation agreement which provided in pertinent part:

"WHEREAS, the Parties acknowledge that an action for divorce has been instituted by the husband herein and the wife acknowledges and admits to receipt of service of a Summons and Complaint in said divorce action; and

"WHEREAS, the wife herein admits that she has no defense against the complaint stated in said Summons and Complaint, and * * *.

"The parties agree to sell the marital residence at the earliest time possible for an amount agreed upon by both Parties * * *.

"The balance of the funds from the sale of real estate shall be split equally at the time of the closing between Husband and Wife".

On July 15, 1982, Jeryl Weir executed a deed conveying her interest in the marital residence to her husband, Edward Weir. A judgment of divorce was granted to Edward Weir on that date, i.e., July 15, 1982. The separation agreement dated March 25, 1982, was incorporated, but not merged, into the judgment. On July 25, 1982, Jeryl Dale remarried.

In August 1986, over four years later, Jeryl Dale Jessup, commenced the instant action against her former husband, Edward Weir, seeking, *inter alia,* to set aside the deed that she had executed on July 15, 1982, and to impose a constructive trust on the property. In her complaint, the plaintiff alleged, *inter alia,* that the defendant induced her to execute the deed by fraudulently representing to her that such a conveyance would "expedite and facilitate" the sale of the marital residence. The defendant denied the essential allegations of the complaint and alleged, as a complete defense, as follows:

"NINTH: * * * in or about May of 1982, plaintiff and defendant agreed to a modification of the Separation Agreement to the effect that the provisions concerning the sale and distribution of the sales proceeds of the subject premises were superseded by plaintiff's agreement to transfer to defendant all of her right, title and interest in and to the subject premises in consideration of the entry of a judgment of divorce sufficiently in advance of July 25, 1982 for plaintiff to be able to legally remarry on such date (the 'Modification Agreement').

"TENTH: Defendant performed all of the obligations of the

Modification Agreement on his part to be performed by procuring a judgment of divorce dissolving the bonds of matrimony between plaintiff and defendant entered on July 15, 1982 in the Supreme Court of the State of New York, County of Suffolk.

"ELEVENTH: On July 15, 1982, plaintiff performed all the obligations of the Modification Agreement on her part to be performed by executing and causing to be delivered to defendant a deed absolutely and unconditionally transferring to defendant all of her right, title and interest in and to the subject premises.

"TWELFTH: By reason of the foregoing, plaintiff has no legal or equitable interest in or to the subject premises".

Following a nonjury trial on these competing claims, the Supreme Court held for the defendant and dismissed the complaint, stating in pertinent part:

"This Court is of the opinion that plaintiff has not sustained her burden of proof. The plaintiff wished to remarry * * *.

"Additionally, the deed post dates, at least in terms of delivery, the decree which, as this Court believes, evidences the plaintiff's willingness and desire, for whatever reason, to waive her rights under the Court's decree. She signed and delivered the deed in fulfillment of her agreement to do so if, as, and when her husband completed his divorce action against her in time for her scheduled remarriage in the latter part of July, 1982 * * *.

"She knew what she was doing. She bargained for a divorce to be effective no later than the time she had scheduled for a remarriage and got what she bargained for".

The evidence in the record, including the defendant's testimony and letters written by the plaintiff and her attorney, clearly supports the Supreme Court's holding in favor of the defendant in this regard.

We have examined the plaintiff's remaining contentions, including her argument that the modification agreement violates General Obligations Law § 5-311, and find them to be without merit (see, Collins v Johnson, 72 Misc 2d 1034, 1035, affd 75 Misc 2d 489; Rosen v Goldberg, 28 AD2d 1051, affd 23 NY2d 791; Yates v Yates, 183 Misc 934; Chalos v Chalos, 128 AD2d 498). Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.