■ JOE A. STAMPFEL, Appellant, v RICHARD J. STAMPFEL, Respondent.—In an action for divorce and ancillary relief, the plaintiff wife appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), entered July 19, 1989, as, *inter alia,* granted the defendant husband's motion for summary judgment dismissing the plaintiff's cause of action for rescission of a post-marital "opting out" property settlement.

Ordered that the order and judgment is affirmed, with costs.

The wife's vague and conclusory allegations of duress, fraud and overreaching in connection with the execution of an "opting-out" property settlement are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *see also, Wile v Wile,* 100 AD2d 932). Without a showing that the settlement is manifestly unfair due to the defendant's overreaching in its execution, equity will not interfere *(see, Levine v Levine,* 56 NY2d 42, 47; *Christian v Christian,* 42 NY2d 63, 72-73).

Furthermore, by accepting the benefits under the agreement for a period of three years, the plaintiff ratified the agreement since " 'a party seeking to repudiate a contract procured by duress must act promptly lest he be deemed to have elected to affirm it' " *(Stoerchle v Stoerchle,* 101 AD2d 831, 832; *see, Patti v Patti,* 146 AD2d 757; *Osborn v Osborn,* 144 AD2d 350, 351; *Melchiorre v Melchiorre,* 142 AD2d 558; *Shalmoni v*

*Shalmoni,* 141 AD2d 628, 629; *Chalos v Chalos,* 128 AD2d 498, 499; *Sheindlin v Sheindlin,* 88 AD2d 930, 931). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.