(July 15, 1991)

■ LEYLA AKGUL, Respondent, v ABOULKERIM AKGUL, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered July 11, 1989, as (1) awarded ownership of the marital premises to the plaintiff wife pursuant to the terms of an agreement dated December 24, 1980, and (2) directed him to pay $200 per week in child support.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant husband contends that the parties' December

24, 1980, agreement was a contract to dissolve the marriage and void pursuant to General Obligations Law § 5-311. He also contends that the agreement is unconscionable and should not be enforced. We disagree.

An agreement does not fall within the proscription of General Obligations Law § 5-311 unless it contains an express provision requiring the dissolution of the marriage (see, Taft v Taft, 156 AD2d 444, 445). Here, the agreement established certain rights and contingencies in the event that the wife elected to resume her divorce action, and succeeded on her claim. However, the primary purpose of the agreement was to accomplish a reconciliation between the parties while their respective actions for divorce were held in abeyance and they attempted to resolve their marital problems. There is no express provision requiring either party to seek dissolution of the marriage.

We also find that the terms of the agreement were fair and reasonable at the time it was made, and that it was not unconscionable at the time of entry of the final judgment of divorce (see, Domestic Relations Law § 236 [B] [3]). Although the wife was awarded sole ownership of the marital home, we note that she waived her claim to any interest in the husband's business and did not seek an award of maintenance. The husband was represented by counsel during the negotiation of the agreement and received benefits pursuant to its terms for more than six years prior to raising any objection to its validity. Under the circumstances, the husband must be deemed to have ratified the agreement and is precluded from attempting to set it aside (see, Beutel v Beutel, 55 NY2d 957; Greenfield v Greenfield, 147 AD2d 440).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.