■ ERMA TORSIELLO, Appellant, v JOSEPH N. TORSIELLO, Respondent.—In an action to rescind certain provisions of a separation agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Friedenberg, J.), dated November 28, 1990, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a separation agreement in December 1987 which distributed certain property and provided for maintenance payments to the plaintiff in the amount of $550 per week until December 27, 2007. In July 1988 the plaintiff sought and obtained an amendment to the agreement which increased her maintenance payments to $675 per week. The defendant was granted an uncontested divorce in May 1989.

The plaintiff commenced the instant action in April 1990 to rescind those portions of the separation agreement which relate to the division of property on the ground of fraud, overreaching, unconscionability, and that her diminished mental capacity rendered her unable to understand the nature of the agreement and its amendment.

The defendant's motion for summary judgment dismissing the complaint was properly granted. A separation agreement will be enforced unless it is shown to be the result of fraud or overreaching, or its terms can be characterized as unconscionable (see, Christian v Christian, 42 NY2d 63; Greenfield v Greenfield, 147 AD2d 440). On its face, the agreement is fair to the plaintiff. In addition to maintenance for a period of 20 years, she received a $300,000 cash settlement, a portfolio of municipal bonds, title to a Florida condominium, and a Jaguar automobile. Furthermore, the plaintiff was represented by counsel of her own choosing throughout the negotiations on the agreement and subsequent amendment, and she acknowledged in the amended agreement that the defendant's assets were disclosed to her at the time the agreement was executed (see, e.g., Capone v Capone, 148 AD2d 565; Greenfield v Greenfield, supra). The plaintiff's allegation that she was of diminished capacity during the pertinent time period is unsupported by evidentiary facts in admissible form (see, Majestic Farms Supply v Surowiec, 160 AD2d 777). Finally, since the plaintiff received benefits under the agreement for over two years, she must be deemed to have ratified the agreement (see, Beutel v Beutel, 55 NY2d 957; Capone v Capone, supra; Greenfield v Greenfield, supra). Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.