■ ROBERT R. FINLEY, Respondent, v JOSETTE M. (FINLEY) KOLLER, Appellant. [596 NYS2d 275] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner, the former husband, commenced this proceeding to enforce a provision of the judgment of divorce relating to the sale of the former marital residence. The separation agreement, incorporated in the judgment of divorce, provided that, if and when respondent, the former wife, decided to sell the marital residence, the parties would equally share the net proceeds. It also provided that each party had the option to buy the other party's interest in the marital residence. It further provided that any modification or waiver of its terms had to be in writing and signed by both parties. It is uncontroverted that petitioner executed a warranty deed in 1988; he contends that he did so at respondent's request to facilitate the sale of the marital residence. At issue is whether the deed was for convenience and the equal division of the net proceeds from the sale provided for in the agreement was required, as argued by petitioner, or whether the deed constituted a buy-out of petitioner's interest in return for relieving petitioner of his obligation to pay expenses of the marital residence, as argued by respondent. The court erred in determining on conflicting affidavits that petitioner was entitled to the sum of $20,165.38 plus interest. We therefore remit for a hearing on the issue of the parties' intent *(see, e.g., Jessup v Weir,* 168 AD2d 428). We note that, in the event the court finds in favor of petitioner, it should provide the basis for the amount awarded him. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Equitable Distribution and Support.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.