purchase testified that he had seen the defendant enter a grocery store immediately after the transaction.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt irrespective of the fact that no drugs or money were found on his person (see, People v Rivera, 178 AD2d 620). Although the defendant contends that the undercover officer's testimony is not worthy of belief, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Vickers, 177 AD2d 608). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]), since the evidence establishes that the defendant exchanged cocaine for money. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY WASHINGTON, Appellant. [606 NYS2d 996] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered November 12, 1992, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have examined the record and find that the defendant's plea of guilty was knowingly and voluntarily entered. Appellate review of the remaining issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

(December 20, 1993)

■ CARL J. ANTHONY, Respondent, v LUANA ANTHONY, Appellant. [605 NYS2d 376] —In a matrimonial action in which the parties were divorced by a judgment dated December 31, 1987, the defendant appeals, as limited by her brief, from so much

of an order of the Supreme Court, Suffolk County (Geiler, J.), dated June 20, 1991, as denied her motion to vacate the judgment of divorce or to modify the judgment of divorce to increase child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the court properly denied, without a hearing, her motion to vacate the judgment of divorce or to modify its provisions. The judgment was based upon a stipulation of settlement which the defendant claims was procured by fraud. However, her claims of fraud were conclusory in nature (see, Patti v Patti, 146 AD2d 757). Significantly, at the time the stipulation was made, the defendant was represented by counsel, she knowingly and voluntarily entered into the stipulation in open court, she actively continued negotiations in the presence of the court, and she indicated that she was satisfied with the agreement. It is also worthy of note that the defendant accepted the benefits of the agreement for a period of years before seeking to vacate it (see, Beutel v Beutel, 55 NY2d 957; Patti v Patti, supra).

The defendant's remaining contentions are without merit. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.