■ PHILIP J. NIOSI, Respondent, v DANISE A. NIOSI, Appellant. [641 NYS2d 93] —In an action for a divorce and ancillary relief, the defendant wife appeals, (1) as limited by her brief, from (a) stated portions of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered July 1, 1994, which, after a nonjury trial, *inter alia,* failed to incorporate into the judgment of divorce the provision of the parties' separation agreement which provided for lifetime maintenance to the wife and terminated the maintenance as of March 11, 1992, and failed to award her attorney's fees except for $6,500 previously awarded in an pendente lite order, and (b) so much of an order of the same court dated December 22, 1994, as, upon renewal and reargument, awarded her additional counsel fees of only $2,000, and (2) from an order of the same court, dated October 4, 1994, which denied her motion to disqualify the Trial Judge from participating in further proceedings in this case.

Ordered that the appeal from so much of the judgment as failed to award the defendant additional attorney's fees is dismissed as that provision of the judgment was superseded by the order dated December 22, 1994, made upon renewal and reargument; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the sixth decretal paragraph thereof and substituting therefor a decretal paragraph incorporating the maintenance provision of the separation agreement into the judgment; as so modified, the judgment is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment in accordance herewith; and it is further,

Ordered that the order dated December 22, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 4, 1994, is affirmed; and it is further,

Ordered that the appellant is awarded one bill of costs.

We do not agree with the court's conclusion that the provision of the separation agreement which provided the appellant with lifetime maintenance is unconscionable. Inasmuch as the respondent acquiesced to the terms of the separation agreement, it was error for the court to rescind the provisions of the agreement relating to maintenance. The appellant is entitled to have the terms of the separation agreement relating to maintenance incorporated into the divorce judgment and to have the respondent continue to perform his obligations under that agreement.

The parties were married on August 17, 1985. There is one child of the marriage, born April 10, 1986. On June 23, 1988, after less than three years of marriage, the parties executed a separation agreement. The maintenance provision in that agreement essentially provided that the respondent would pay the appellant $2,400 per month, unless his gross annual income was $120,000 or more, in which case the amount would be $3,400 per month. The provision did not provide for termination of the maintenance.

The respondent concedes that he discussed the terms of the agreement with an attorney who advised him against it. Nevertheless, he did not retain the attorney and signed the agreement without reservation. The respondent substantially performed his obligations under the separation agreement for several years at which time he commenced an action for divorce and for rescission of the agreement on the theory of unconscionability.

It has been recognized that the acceptance of the terms of a separation agreement, by payment or acceptance of payment, constitutes ratification (*see, Shalmoni v Shalmoni,* 141 AD2d 628, 629; *Hirsch v Hirsch,* 134 AD2d 485). Because the respon-

dent paid maintenance to the appellant for six years and accepted tax benefits under the agreement for at least five years, his acts ratified the separation agreement. A party "who executes a contract under duress and then acquiesces in the contract for any considerable length of time ratifies the contract" (*Sheindlin v Sheindlin,* 88 AD2d 930, 931 [husband's application to set aside separation agreement was denied on the ground that agreement had been "ratified and approved and at least partially complied with for almost a three-year period"]).

In the present case, the respondent freely admits that he ignored the advice of counsel and signed the agreement. He does not allege any incapacity, nor is there any reliable evidence of fraud, overreaching, or duress. The fact that the respondent gave away more than he might legally have been compelled to give does not mean that the agreement should be voided. Thus, the respondent will not be excused from his contractual duties under the separation agreement because of his own, albeit perhaps unwise, decision.

Upon review and consideration of all the facts of this case, we do not find that the court erred in failing to disqualify itself from participating in these proceedings.

We have reviewed the appellant's remaining contentions and find them to be without merit. Miller, J. P., Altman, Hart and Friedmann, JJ., concur.