■ CONSTANCE E. JEANNOTTE, Appellant, v DEXTER A. JEAN-NOTTE, Respondent. [651 NYS2d 757] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order and two amended orders of the Supreme Court (Hillery, J.), entered August 9, 1995, August 14, 1995 and August 15, 1995, in Dutchess County, which granted defendant's motion to dismiss the complaint on the ground of, inter alia, res judicata.

---

Plaintiff and defendant were married in 1964 and have one child, born in 1973. In October 1978 the parties executed a separation agreement wherein they agreed, *inter alia,* (1) that defendant would have exclusive possession of the marital home, (2) that defendant would pay plaintiff $1,132 per month until January 15, 1979 and $1,395 per month thereafter, and (3) to share joint custody of the child, with plaintiff having physical custody and defendant having reasonable rights of visitation.

In late 1985 defendant commenced an action for divorce based upon, *inter alia,* cruel and inhuman treatment; defendant also requested that the support and real property provisions of the separation agreement be set aside. Plaintiff answered and counterclaimed for divorce upon the ground of living separate and apart pursuant to a valid separation agreement; significantly, plaintiff requested that the separation agreement be incorporated but not merged into the judgment of divorce. In May 1988, plaintiff and defendant entered into a modification agreement wherein they agreed that plaintiff would receive $1,395 per month from June 15, 1988 to September 15, 1991 and $730 per month from October 15, 1991 to May 15, 1993. The parties also agreed to apply for a $75,000 mortgage on the former marital residence and to sell all marital realty. Plaintiff also agreed to repay defendant $16,700, representing one half of the real estate taxes and mortgage payments on the marital realty, as well as one half of the principal and all the interest incurred on the $75,000 mortgage on the former marital residence. The parties also agreed to terms regarding the funding of the child's tuition for a private high school and college. In November 1988 the parties were granted a mutual divorce; the 1978 separation agreement and May 1988 modification agreement were incorporated but not merged into the judgment of divorce.

In April 1989 the parties entered into another modification agreement wherein plaintiff agreed to reimburse defendant for one half of the expenses incurred to develop and subdivide the marital real property, plus interest. Plaintiff also executed and delivered three separate promissory notes to defendant in November 1988, May 1989 and September 1989. In October 1992, following plaintiff's defaults in repayment of the notes, defendant commenced an action to recover the amount due. Defendant obtained a confession of judgment against plaintiff and subsequently moved to obtain escrow money held by plaintiff's attorneys; plaintiff moved to vacate the confession of judgment. Supreme Court denied plaintiff's motion and granted defendant's motion.

In 1992 defendant commenced an action against plaintiff wherein defendant alleged, *inter alia*, that, upon sale of the marital residence, plaintiff breached her obligation to pay defendant a total of $59,979.82; plaintiff answered and counterclaimed for breach of the May 1988 modification agreement. In 1993 the parties placed a stipulation on the record wherein plaintiff agreed to an entry of judgment against her for $60,000 and defendant agreed to stay its execution until further marital realty was sold.

Thereafter, in March 1995 plaintiff commenced the instant action seeking to set aside the original October 1978 separation agreement, the May 1988 modification agreement, the April 1989 modification agreement, the judgment resulting from the 1993 stipulation and the promissory notes based on her allegations that defendant had coerced, intimidated and harassed her into consenting to the aforementioned agreements. Plaintiff alternatively requested that defendant's pension plan be distributed between them under the Equitable Distribution Law (Domestic Relations Law § 236 [B]). Defendant answered and moved to dismiss the complaint on the grounds of res judicata, collateral estoppel and release. Supreme Court determined that plaintiff's action to rescind the separation agreement was barred by laches and further that plaintiff ratified the agreement by accepting benefits under it since 1978. Supreme Court also determined that plaintiff had every full and fair opportunity to litigate the issue of defendant's pension plan in the divorce action but, since she had failed to do so, she was precluded from raising it at this time pursuant to the doctrine of res judicata. Plaintiff appeals.

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred by failing to set aside the separation agreement, two subsequent modifications and the promissory notes. In the case at bar it is undisputed that defendant timely performed his obligations pursuant to the separation agreement executed by the parties in 1978 and that plaintiff has benefited from the terms of the separation agreement. Notably, when defendant sought to be relieved from the terms of that agreement, plaintiff affirmatively sought an order from the court incorporating those terms in a judgment. Moreover, plaintiff was represented by counsel at all times herein including the litigation with respect to the promissory notes. In our view, plaintiff's actions have served to ratify the separation agreement and subsequent modifications and she is therefore now precluded from attempting to set them aside (*see, Beutel v*

*Beutel*, 55 NY2d 957; *Niosi v Niosi*, 226 AD2d 510; *Gaines v Gaines*, 218 AD2d 683; *Akgul v Akgul*, 175 AD2d 194).

Next, we reject plaintiff's contention that the separation agreement and subsequent modifications were not a complete or comprehensive disposition of marital property. The October 1978 separation agreement states, in pertinent part: "the Husband and Wife desire to enter into an agreement under which they shall live forever separate and apart from one another and under which all claims of either party against the other party or the property of the other party shall be settled and adjusted." Although the agreement allows further negotiation on behalf of parties regarding real property owned by the parties, it affirmatively states that upon commencement of a divorce proceeding "the real property will be sold and the net proceeds divided equally". The agreement also contains provisions for distribution of the parties' personal property, payment of income taxes, release of estate rights, custody and spousal support, as well as numerous hold harmless clauses. The subsequent modifications both state that the provisions of the original separation not modified therein would remain in full force and effect. Domestic Relations Law § 234 does not grant litigants continuous opportunities to seek review of issues which could have been, but were not, raised in a prior matrimonial action (*see, Boronow v Boronow*, 71 NY2d 284; *Albert v Schoenlein*, 229 AD2d 813). Here, plaintiff is foreclosed by the doctrine of res judicata from litigating those matters which could have been resolved in the divorce action.

We have considered plaintiff's remaining contentions, including the unconscionability of some of the agreements entered into by plaintiff while represented by counsel, and find them to be without merit.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order and amended orders are affirmed, without costs.