■ Cheryl Star, Respondent, v Steven Star, Appellant. [687 NYS2d 698] —In an action to set aside a stipulation of settlement on the grounds of fraud, unconscionability, and unfair-

ness, the defendant former husband appeals from (1) an order of the Supreme Court, Rockland County (Bergerman, J.), dated December 3, 1997, which denied his motion for summary judgment dismissing the complaint, and (2) an order of the same court (Meehan, J.), dated April 21, 1998, which denied his motion pursuant to CPLR 3103 for a protective order, *inter alia*, to preclude his examination before trial by the plaintiff former wife.

Ordered that the order dated December 3, 1997, is reversed, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that order dated April 21, 1998, is reversed, and the motion is denied as academic; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married in 1965. In January 1989 the defendant former husband commenced an action for divorce against the plaintiff former wife. Thereafter, on July 29, 1992, the parties entered into a stipulation of settlement which provided, among other things, that the plaintiff would receive a lump sum payment of $800,000 at the time of signing, $20,000 a month in maintenance for five years, and the marital residence and the personalty contained therein. In June 1997 the plaintiff filed the present action to set aside the stipulation on the basis, *inter alia*, that it was procured by fraud, and that it was unfair and unconscionable.

The stipulation between the parties contains express acknowledgments by the plaintiff that she fully understood the terms of the stipulation, that it was not the product of fraud, duress, or undue influence, and that she relied upon the representations of her retained attorney and the accountants she had retained to conduct an independent investigation of the defendant's financial circumstances (*see, Hirsch v Hirsch,* 134 AD2d 485). The stipulation provides that the plaintiff was satisfied that full disclosure had been made by the defendant and that she could not appropriately make a claim against him by reason of his failure to disclose or her failure to have knowledge of his financial circumstances. Thus, "neither the stipulation on its face nor the circumstances surrounding its making suggest that it was arrived at other than fairly" (*Burton v Burton,* 148 AD2d 488).

To support her allegation that issues of fact exist regarding whether the defendant concealed one million dollars in assets at the time the stipulation was executed, the plaintiff relies on a letter written by the defendant in 1994, in which he directed the disposition of large sums of cash and bonds in the event of

his untimely demise. However, the letter in question was written over two years after the parties entered into the stipulation. Furthermore, the plaintiff testified in 1994, at a deposition in another action, that she had been told by the accounting firm she engaged during the matrimonial action to investigate the defendant's assets, that the defendant could "[buy] a Ferrari every day of the year [and] have change left over". She was also informed by her former attorney during the matrimonial negotiations that the defendant had two million dollars in bearer bonds. Therefore, the 1994 letter is not sufficient to set aside the stipulation on the basis of fraud (*see, Doppelt v Doppelt,* 215 AD2d 715; *Chalos v Chalos,* 128 AD2d 498). Moreover, the plaintiff ratified the stipulation by accepting its benefits for a period of almost five years (*see, Beutel v Beutel,* 55 NY2d 957; *Torsiello v Torsiello,* 188 AD2d 523; *Stampfel v Stampfel,* 170 AD2d 595; *Chalos v Chalos, supra*).

Accordingly, the Supreme Court erred in failing to grant the defendant's motion for summary judgment dismissing the complaint (*see, Capone v Capone,* 148 AD2d 565).

In light of our determination, we need not reach the defendant's remaining contention. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.