Hannah Fine, Respondent, v Lawrence Fine, Appellant. (Action No. 1.) Hannah Fine, Respondent, v Lawrence Fine, Appellant. (Action No. 2.) [786 NYS2d 57]—

In a matrimonial action in which the parties were divorced by judgment entered July 21, 1999, and an action to set aside the parties' stipulation of settlement made in open court, which was incorporated but not merged into the judgment of divorce, the defendant former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Gavrin, J.), dated November 25, 2002, which, inter alia, denied his motion pursuant to CPLR 3211 to dismiss the complaint, and granted that branch of the motion of the plaintiff former wife which was to vacate her default upon her failure to respond to the defendant's motion to compel compliance with a provision of the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff former wife seeks to set aside a stipulation entered into between the parties in an action for a divorce. The stipulation of settlement, inter alia, provided for the sale of the parties' two homes located in Forest Hills and Kew Gardens, and the plaintiff agreed to waive maintenance. In her complaint, the plaintiff alleges that the defendant knowingly misrepresented that his income at the time the stipulation was entered into was $45,000 per annum when he actually earned $120,000 per annum. She contends that she did not learn of the misrepresentation until she received a notice from the Internal Revenue Service that she owed taxes on that income.

The critical inquiry in determining whether the defendant's motion to dismiss pursuant to CPLR 3211 was properly denied is whether the complaint sets forth a legal basis for the plaintiff's claim of fraud (see Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001]; Confino v Confino, 120 AD2d 635, 637 [1986]). There is a sufficient basis set forth in the complaint to support a cause of action based upon fraud (see CPLR 3016 [b]; Kaufman v Kaufman, 135 AD2d 786 [1987]).

The plaintiff's counsel provided a reasonable excuse for her default in opposing the defendant's motion to compel compliance with a term of the stipulation based upon the serious illness and death of her mother-in-law which disrupted her small family law practice (see CPLR 2005, 5015 [a]; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487-488 [1992]). Further, since questions have been raised as to whether the stipulation is enforceable, there was sufficient evidence of a meritorious defense (see *Schorr v Schorr,* 213 AD2d 621 [1995]).

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.