■ GRO-WIT CAPITAL, LTD., Appellant, v OBIGOR, LLC, et al., Respondents. [824 NYS2d 314]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 16, 2005, which denied its motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting a mortgage, a note, a stipulation ratifying the mortgage as modified thereby (hereinafter the stipulation), and proof of nonpayment of the note (*see Marculescu v Ovanez,* 27 AD3d 701 [2006]; *Marine Midland Bank v Fillippo,* 276 AD2d 601 [2000]; *LBV Props. v Greenport Dev. Co.,* 188 AD2d 588, 589 [1992]). In opposition, the defendant David Hosten failed to raise a triable issue of fact.

In a prior action to foreclose the same mortgage, the parties thereto, including the plaintiff and David Hosten, entered into the stipulation pursuant to which they agreed, inter alia, to modify the payment terms of the mortgage and to discontinue that action. Hosten's contention that the stipulation was unenforceable and should be set aside is without merit. "In order to vacate [a] stipulation of settlement on the ground of

mutual mistake, [a party must] demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Mahon v New York City Health & Hosps. Corp.*, 303 AD2d 725, 725 [2003]; *see Maury v Maury,* 7 AD3d 585, 586 [2004]). Based upon Hosten's own assertions, the evidence that he proffered purportedly showing that the note had already been paid and the mortgage satisfied at the time the parties entered into the stipulation not only was available to him at that time but he used it as evidence of a meritorious defense to open his default in the original foreclosure action (*cf. Star v Star,* 260 AD2d 363, 365 [1999]). Thus, his contention that he entered into the stipulation upon a mistake of fact is belied by his own assertions (*see Star v Star, supra* at 365).

Also without merit is Hosten's contention that the assurances to him by the plaintiff and its counsel regarding the status of the mortgage and note at the time of the stipulation were fraudulent or that he justifiably relied upon these representations of his adversary to his detriment (*see LoGalbo v Plishkin, Rubano & Baum,* 197 AD2d 675, 676 [1993]).

Hosten's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.